Dear Sheriff Toney:
Our office received an opinion request from you regarding a public records request to review the records of a Department of Corrections inmate participating in the Ouachita Parish Sheriff's Work Release Program. The request asked for documentation reflecting the day this particular inmate started work release, his daily sign in and sign out sheets, jobs held by him during his time on work release, copies of his pay checks or direct deposits, billings sent to the Department of Corrections for the inmate, information regarding his mode of transportation to his work release job, cell phone records, and paperwork disclosing permission for the inmate to leave Ouachita Parish or the State of Louisiana.
You state in your letter that this individual remains classified as an inmate of the State of Louisiana Department of Corrections, and that all documentation and records concerning Department of Corrections inmates that are maintained at the Ouachita Parish Work Release Center are designated as records of the Department of Corrections.
You ask for our opinion as to whether the information requested must be produced pursuant to a public records request.
The right of access to public information is guaranteed by La.Const. art. 12, § 3, which provides, "[n]o person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law." Louisiana Public Records law contains enumerated exceptions to the required disclosure of public records. *Page 2 
La.R.S. 44:4.1 (B)(7) identifies La.R.S. 15:574.12 as an exception to the Public Records Act. La.R.S. 15:574.12(A) provides:
 The presentence investigation report, the pre-parole report, the clemency report, the information and data gathered by the staffs of the boards of pardons and parole, the prison record, and any other information obtained by the boards or the Department of Public Safety and Corrections, correction services and youth services, in the discharge of their official duties shall be confidential and shall not be subject to public inspection nor be disclosed directly or indirectly to anyone except as provided by this Section.
The broad language of this exception includes all information and data gathered or obtained by the Department of Public Safety and Corrections in the discharge of their official duties. Further, you indicate in your letter that all work release records constitute a part of this inmate's prison record, which is specifically mentioned by La.R.S. 15:574.12(A). It is the opinion of this office that the material requested — documentation reflecting the day this particular inmate started work release, his daily sign in and sign out sheets, jobs held by him during his time on work release, copies of his pay checks or direct deposits, billings sent to the Department of Corrections for the inmate, information regarding his mode of transportation to his work release job, cell phone records, and paperwork disclosing permission for the inmate to leave Ouachita Parish or the State of Louisiana — qualify under the information described as exempt from public inspection under La.R.S. 15:574.12(A). Pursuant to the unambiguous language in La.R.S.15:574.12(A) identifying such information as confidential, such records are not subject to mandatory inspection, copying, or disclosure under the Public Records Act and should not be released pursuant to a public records request.
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
 With best regards,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: _________________________ Emalie A. Boyce Assistant Attorney General
 JDC: EAB